IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BETTY TURNER, etc.,

                Plaintiff,                Case No. 3:07 CV 274

  -vs-

                                              <u>MEMORANDUM   OPINION</u>

CITY OF TOLEDO,

                Defendant.

KATZ, J.

This matter is before the Court on the motions of Defendants Jonathon Leach, William Ginn, and Joe Villanueva (Docs. 84, 85, and 86, respectively) for dismissal from this action pursuant to Fed. R. Civ. P. 12(b)(6) on the ground of qualified immunity. Their motions will be granted.

Additionally, Defendants Lucas County Sheriff's Department and Lucas County Jail have filed a motion for judgment on the pleadings (Doc. 75) and Defendant Lucas County has filed a motion to dismiss (Doc. 68), seeking dismissal from this action on the ground of sovereign immunity under Ohio law. These motions will be denied.

**I. Background**

As appears from the allegations of the portions of the Amended Complaint (Doc. 54) that are relevant to the present motions, on January 31, 2005, Plaintiff's decedent, Jeffrey Turner, was arrested and transferred to the Lucas County Jail, where Defendants Leach, Ginn, and Villanueva were on duty. At all times during his stay at the jail, Turner was "agitated and/or acting out." Leach proceeded to shock Turner with a Taser several times, while Ginn and Villanueva looked on. Turner eventually died from Taser-inflicted injuries.

Plaintiff alleges that Leach, Ginn, and Villanueva deprived Turner of his civil rights under 42 U.S.C. § 1983 by using excessive force against him.  Plaintiff also brings state-law claims against Leach, Ginn and Villanueva for gross negligence and assault and battery.

## II. Standard of Review

Qualified immunity protects government officials performing discretionary functions from civil liability under federal laws unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Like absolute immunity, qualified immunity "is an *immunity from suit* rather than a mere defense to liability . . . [and] is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original).  Thus, unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.  *Id.*

Qualified immunity provides a broad range of protection, as it protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  "Officials are not liable for bad guesses in gray areas;  they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

## III. Discussion

During the time he was at the Lucas County Jail, Turner had already been arrested and was being detained pending release or trial.  Therefore, for the purposes of Leach, Ginn, and Villanueva's present motions, Turner was a "pretrial detainee," and his excessive force claim is to be evaluated under the Fourteenth Amendment, and not the standards applicable to claims brought under the Fourth or Eighth Amendments. See *Lanham v. Hinson*, 529 F.3d 673, 680 (6th Cir.

2008) ("The Fourteenth Amendment is the source of a pretrial detainee's excessive force claim"). Therefore, the Fourteenth Amendment's "shocks the conscience" test is applicable to the present case. *County of Sacramento v. Lewis*, 523 U.S. 833, 845-847 (1998).

In applying the "shocks the conscience" test, we are reminded, in Justice Frankfurter's classic phrase, that the police conduct at issue must "do more than offend some fastidious squeamishness or private sentimentalism"; rather it must "offend even hardened sensibilities." *Rochin v. California*, 342 U.S. 165, 209-210 (1952). In *Lewis*, the Supreme Court advised that the "shocks the conscience" test "points clearly away from liability, or clearly toward it, only at the ends of the tort law's spectrum of culpability." Thus, the Court contrasted action undertaken in circumstances where "actual deliberation is practical," *Lewis*, 523 U.S. 833 at 851, with action undertaken "in haste" and "under pressure" "to restore and maintain lawful order" *Id*. at 853 (internal citations omitted). In the latter circumstance, "liability should turn on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id*. (internal citation omitted).

In the instant case, the Complaint alleges that Turner was "agitated and/or acting out" during the entirety of his jail stay. (Doc. 54, para. 50, 53). Thus, the actions of Leach, Ginn, and Villanueva were undertaken on an occasion where there existed a need for "fast action" to restore and maintain lawful order, and were not merely acts of wanton cruelty "unjustifiable by any government interest." *Lewis*, 523 U.S. 833, 849. In cases like the present, where a pretrial detainee persistently refuses to be subdued by officers, it is difficult to say that an officer's use of a Taser (which emits a shock that is designed to be non-fatal) to maintain order "shocks the conscience," even if the force applied might appear excessive in hindsight. Certainly, there is no

"clearly established" law that would have alerted these officers to the illegality of their conduct. See, e.g., *Sanders v. City of Fresno*, 551 F.Supp.2d 1149 (E.D. Cal. 2008) (finding that qualified immunity barred suit against officers for multiple Taser shocks); *Caldwell v. Moore*, 968 F.2d 595 (6th Cir. 1992) (officer entitled to qualified immunity for using Taser on prison inmate who refused to obey jailers' orders).

Having found that the federal law claims brought against Leach, Ginn, and Villanueva are barred by qualified immunity, this Court declines to exercise supplemental jurisdiction over the remaining state law claims against them. See 28 U.S.C. § 1367(c)(3); *Musson Theatrical, Inc. v. Federal Express Co.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996).

Finally, Defendants Lucas County Sheriff's Department and Lucas County Jail seek dismissal of any state-law claims against them on the ground of their sovereign immunity under Ohio law. (Doc. 75). Defendant Lucas County has filed a similar motion. (Doc. 68). A review of the Amended Complaint indicates, however, that all of Plaintiff's claims against these entities are brought under federal law, and, thus, these Defendants do not enjoy sovereign immunity. See *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in Federal courts extends to States and state officials in appropriate circumstances . . . but does not extend to counties and similar municipal corporations.").

**IV. Conclusion**

For the above reasons, the motions of Defendants Jonathon Leach, William Ginn, and Joe Villanueva to be dismissed from this action (Docs. 84, 85, and 86, respectively) are granted, and Counts IV and V of the Amended Complaint are thus dismissed.

The motions of Defendants Lucas County Sheriff's Department and Lucas County Jail for judgment on the pleadings (Doc. 75), and Defendant Lucas County to dismiss (Doc. 68) are denied.

IT IS SO ORDERED.

                                                   s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE